UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
KENNIN DWAYNE JACKSON,

               Plaintiff,

    -against-

TSOI #19014,

               Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 9463 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Kennin Dwayne Jackson brings this action against Defendant New York City Department of Correction Officer Tsoi pursuant to 42 U.S.C. § 1983, alleging violations of constitutional rights while incarcerated. On September 18, 2020, Magistrate Judge Robert W. Lehrburger issued an order requiring Plaintiff to show cause why this case should not be dismissed for failure to prosecute and for failure to participate in discovery pursuant to Rules 41(b) and 37, respectively, of the Federal Rules of Civil Procedure. Plaintiff neither filed a response nor appeared at the show cause hearing held by Magistrate Judge Lehrburger on October 16, 2020.

Before this Court is Magistrate Judge Lehrburger's October 20, 2020 Report and Recommendation (the "Report"), recommending that this case be dismissed for failure to prosecute pursuant to Rule 41(b). (Report, ECF No. 73, at 2.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate

1

judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)).

Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of [a] plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citations omitted). District courts consider five factors when deciding whether to dismiss an action under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (citation omitted).

Here, after a thorough review, Magistrate Judge Lehrburger appropriately found that dismissal is warranted. (*See* Report at 6–9.) Plaintiff did not respond to the order to show cause nor appear at the order to show cause hearing. (*Id.* at 6–7.) Further, since a case management plan was entered on June 16, 2020, Plaintiff has not responded to discovery requests, document requests, and interrogatories provided by Defendant's counsel, and has not made his own initial disclosures. (*Id.* at 7–8.) Defense counsel has attempted to communicate with Plaintiff on numerous occasions regarding his obligations and notified him that she would move for dismissal for failure to prosecute. (*Id.* at 8.) Magistrate Judge Lehrburger further noted that items mailed to

2

the address of record for Plaintiff have not been returned for any reason, and Plaintiff confirmed via email his awareness of the date and time of the order to show cause hearing. (*Id.* at 7–8.) Accordingly, Plaintiff's complaint is appropriately dismissed with prejudice.

The Clerk of Court is directed to mail a copy of this memorandum decision and order to Plaintiff.

Dated: New York, New York
April 12, 2021

SO ORDERED.

George B. Daniels
GEORGE B. DANIELS
United States District Judge

3